UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MELISSA RAMIREZ, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:20-CV-542-TAV-HBG |
| STEVEN TAYLOR, in his individual capacity, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on defendant's motion for summary judgment [Doc. 7]. Plaintiff filed a response[1] [Doc. 9] and defendant has filed a reply [Doc. 12]. The matter is now ripe for adjudication. For the reasons set forth more fully below, the motion for summary judgment [Doc. 7] will be **GRANTED** and this case will be **DISMISSED**.

**I.  Background**

This case arises out of a traffic stop which occurred on September 6, 2018 [Doc. 1-1, ¶ 2].[2] On that date, plaintiff was driving a vehicle in Knoxville, Tennessee

---

[1] The Court notes that plaintiff's response was due on January 26, 2021, but was not filed until January 29, 2021 [Doc. 9]. *See* E.D. Tenn. L.R. 7.1(a). Attached to the response is a series of email messages between counsel for the parties in which defense counsel indicates he does not oppose an extension of time for plaintiff to file a response [Doc. 9-1]. However, plaintiff neither sought, nor obtained, an extension of time from the Court. Nonetheless, in this instance, the Court will deem plaintiff's response timely filed.

[2] The complaint (originally filed in Knox County Circuit Court) references several exhibits, but those exhibits were not included with the removal documents. Defendant states that those exhibits were not included with the complaint served on him, nor were they filed with the Knox County Circuit Court [Doc. 8, p. 1, n. 1]. Some of the exhibits have since been filed as attachments to other pleadings.

[*Id.*, ¶ 13]. Defendant Steven Taylor, who is an officer with the Knoxville Police Department "KPD," stopped plaintiff, removed plaintiff from her vehicle, handcuffed her, and placed her in the back of his police cruiser [Id., ¶¶ 14-25]. On or about September 3, 2019, plaintiff, acting pro se, filed suit against defendant and KPD in the General Sessions Court for Knox County, Tennessee, alleging "emotional distress" [*Id.*, ¶ 44]. The Court will refer to the general sessions court case as "*Ramirez I.*"

On or about September 16, 2019, a Civil Warrant was served on Amanda Messer, who worked as an executive assistant at the City of Knoxville Law Department [Docs. 7-2, 7-3]. Ms. Messer signed the warrant, noting it was "for COK," which her affidavit indicates meant that she was signing to accept service on behalf of the City of Knoxville [Docs. 7-2, 7-3]. On or about October 11, 2019, a motion to dismiss was filed on behalf of KPD [Docs. 1-1, ¶ 45; 7-5]. That motion indicated that "[a]s of the filing of this Motion, the other defendant, Officer Steven Taylor, has not yet been properly served with process" [Doc. 7-5, p. 2, n. 1].

Sometime in October 2019,[3] plaintiff, with the assistance of attorney James Friauf (the same attorney representing her in the instant case), amended her claims to allege violations of 42 U.S.C. § 1983, civil assault and battery, false imprisonment, and intentional infliction of emotional distress [Doc. 1-1, ¶ 46]. On or about October 15, 2019,

---

[3] The instant complaint indicates that the First Amended Civil Warrant was filed on or about October 16, 2019 [Doc. 1-1, ¶ 46]. The First Amended Civil Warrant indicates that it was issued October 10, 2019, and that it was set to be heard on October 16, 2019 [Doc. 7-4]. This minor discrepancy is irrelevant to the Court's decision.

the First Amended Civil Warrant was returned unserved with the notation "[n]ot to be found in my county. Not enough time to serve before court date. Received on 10/14/19" [Doc. 7-4].

On or about December 10, 2019, the City of Knoxville filed another motion to dismiss, seeking to dismiss plaintiff's amended claims [*Id.*, ¶ 47; Doc. 7-6]. This motion stated that "[a]s of the filing of this Amended and Renewed Motion to Dismiss, the individual defendant, Officer Steven Taylor, has not yet been properly served with either the original or the First Amended Civil Warrant" [Doc. 7-6, p. 1, n. 1]. On December 20, 2019, plaintiff requested a voluntary nonsuit of *Ramirez I*, which was granted by the General Sessions Court on January 12, 2020 [Doc. 1-1, ¶ 48].

On or around November 10, 2020, plaintiff filed the instant complaint in Knox County Circuit Court against Officer Taylor, in his individual capacity, alleging violations of 42 U.S.C. § 1983, as well as state law claims of assault and battery, false imprisonment, and intentional infliction of emotional distress [Doc. 1-1]. The claims in the instant complaint arise from the same September 6, 2018, traffic stop at issue in *Ramirez I* [*Id.*]. On or around December 22, 2020, defendant removed the circuit court action to this Court [Doc. 1]. An answer was filed on December 29, 2020 [Doc. 5], and the instant motion for summary judgment followed on January 5, 2021 [Doc. 7]. A Scheduling Order was filed March 29, 2021 [Doc. 14], the parties filed their Rule 26(f) report on April 9, 2021 [Doc. 15], and initial disclosures were made by both parties on April 21 and 22, 2021 [Docs. 16, 17].

3

## II. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party bears the burden of establishing that no genuine issues of material fact exist and may meet this burden by affirmatively proving their case or by highlighting the absence of support for the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003).

Yet, "[o]nce the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record, including depositions, documents, affidavits, and other materials, upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(c)(1)(A). There must be more than a "mere scintilla of evidence" to withstand a motion for summary judgment, *Smith Wholesale Co. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007), and any genuine issue of fact must also be material; that is, it must involve facts that might affect the outcome of the suit

under the governing law. *Anderson*, 477 U.S. at 248. The Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the nonmovant. *Id.* at 248–49. If a reasonable juror could not find for the nonmovant, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

## III. Analysis

### A. Rule 56(d)

In her response to defendant's motion for summary judgment, defendant requests, pursuant to Rule 56(d)[4] of the Federal Rules of Civil Procedure, that she be allowed time to complete discovery and that the Court either deny the instant motion for summary judgment as premature or defer ruling to allow time for discovery [Doc. 9]. Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"Pursuant to [Rule 56(d)], a party opposing a motion for summary judgment is allowed to state that he or she is unable to present facts essential to justify the party's opposition." *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003). "[T]he district court may permit further discovery so that the nonmoving party can adequately oppose the

---

[4] Rule 56(d) was formerly designated 56(f). Fed. R. Civ. P. 56, Advisory Committee Notes, 2010 Amendments.

5

motion for summary judgment." *Id*. The Sixth Circuit "has interpreted [Rule 56(d)] as requiring a party opposing a summary judgment motion to file an affidavit that 'indicates to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 305 (6th Cir. 2003) (alterations omitted) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). "[I]t is up to the party opposing the motion to state why more discovery is needed." *Wallin*, 317 F.3d at 564. "[T]o fulfill the requirements of [Rule 56(d)]," the nonmovant "must state with some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (quotation marks omitted).

"The importance of complying with [Rule 56(d)] cannot be overemphasized." *Cacevic*, 226 F.3d at 488. It is "a carefully crafted rule that serves as a vehicle through which the nonmovant meets his obligation to inform the district court of his need for discovery." *Id*. (citation omitted). "In the absence of a sufficient affidavit, there is no justification for the district court's determination that a motion for summary judgment would be premature until the close of discovery." *Summers*, 368 F.3d at 887.

In this instance, plaintiff's counsel filed an affidavit in support of plaintiff's Rule 56(d) request [Doc. 10-1]. That affidavit identifies the following facts which plaintiff asserts she needs additional discovery to dispute:

- Whether defendant was ever served with or otherwise received a copy of the warrant in *Ramirez I*;

6

- Whether Ms. Messer was authorized to accept service on behalf of defendant in *Ramirez I*, or represented that she was so authorized;

- Whether the statement on the *Ramirez I* First Amended Civil Warrant indicating that defendants could not be served because there was insufficient time prior to the hearing is factually supported;

- Whether the statements in the two motions to dismiss filed in *Ramirez I* indicating that Officer Taylor had not been served were legally and factually supported.

[Doc. 10-1, ¶¶ 2 - 5]. As grounds for the Rule 56(d) request, counsel states that "[p]ursuant to Fed. R. Civ. P. 56(d), Plaintiff cannot present facts essential to justify Plaintiff's opposition to Defendant's motion because Plaintiff has not yet been permitted, by Rule, to engage in discovery in this action" [*Id.*].

The Court notes that all of the facts at issue in plaintiff's Rule 56(d) request relate to the service of process, or lack thereof, in *Ramirez I*. The Court further notes that plaintiff does not explain why she could not explore those facts either before voluntarily dismissing *Ramirez I* or before filing the instant case. Even though *Ramirez I* was filed in general sessions court, there are still procedures in place allowing for discovery in that forum. *See* Tenn. Code Ann. § 24-9-102. Furthermore, there is no indication that plaintiff even made an informal attempt to speak with the process servers involved.

Given that the tolling of the statute of limitations, which the Court addresses in more detail below, would depend on whether defendant Taylor was properly served, and given that plaintiff's counsel was on notice that defendant Taylor allegedly had not been served in *Ramirez I* (as documented in both of the motions to dismiss filed in that litigation), the Court finds that the prudent course of action would have been to determine the exact status

7

of service of process before entering a voluntary nonsuit. That is not what happened here. Rather, plaintiff entered a nonsuit even though there was a question as to whether defendant Taylor had been served. Accordingly, the Court finds that defendant has not adequately explained why she "has not previously discovered the information" identified in her Rule 56(d) request. *Gettings*, 349 F.3d at 305. In the absence of such an explanation, the Court finds that defendant has not satisfied the requirements needed for relief under Rule 56(d), and plaintiff's request to deny or otherwise delay ruling on the motion for summary judgment is **DENIED**.[5] The Court will proceed to address the merits of the motion for summary judgment.

### B. Applicable Statute of Limitations

The causes of action in this case include violations of 42 U.S.C. § 1983 for illegal search and seizure, as well as Tennessee state law claims of assault and battery, false imprisonment, and intentional infliction of emotional distress [Doc. 1-1]. Section 1983 does not establish its own statute of limitations, and instead the Court must "look to state law to determine the appropriate limitations period." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Tennessee provides for a one-year limitations period for civil rights actions under § 1983. *See* Tenn. Code Ann. § 28-3-104(a)(1)(B). A one-year

---

[5] In addition, the Court notes that the parties held their Rule 26(f) conference on April 7, 2021 [Doc. 15, p. 2]. Plaintiff has been able to engage in discovery under the Federal Rules of Civil Procedure since that date. Fed. R. Civ. P. 26(d)(1). In addition, the Rules allowed Plaintiff to seek leave of the Court to engage in discovery prior to the Rule 26(f) conference. *Id.* Thus, plaintiff has already had at least four months in which to explore the issues for which she claims she needs discovery. However, plaintiff has failed to supplement her response to the motion for summary judgment or otherwise indicate that she has diligently used that time to explore the relevant issues.

8

limitations period also applies to defendant's state law claims. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A).

There is no dispute that plaintiff's causes of action arise from the events of her September 6, 2018, arrest [Doc. 1-1, ¶ 2]. There is no dispute that plaintiff filed suit in Knox County General Sessions Court on or about September 3, 2019, before the one year statutes of limitations expired [Docs. 1-1, ¶ 44; 7-3]. The parties do dispute, however, whether defendant was properly served in that general sessions court action. Thus, the Court next considers whether plaintiff's voluntary nonsuit tolled the statutes of limitations in this case.

**C.     Tolling**

As with the statutes of limitations at issue in this case, state law also governs the question of tolling of the limitations period. *Markowitz v. Harper*, 197 F. App'x 387, 389 (6th Cir. 2006). Tennessee law provides that if a civil action

> is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Tenn. Code Ann. § 28-1-105(a). With respect to actions bought in a Tennessee general sessions court, the law further provides that

9

> [t]he suing out of a warrant is the commencement of a civil action within the meaning of this title, whether it is served or not; but if the process is returned unserved, plaintiff, if plaintiff wishes to rely on the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining new process from time to time, each new process to be obtained within nine (9) months from return unserved of the previous process, or plaintiff must recommence the action within one (1) year after the return of the initial process not served.

Tenn. Code Ann. § 16-15-710; *see also* Tenn. Code Ann. § 16-5-716 ("A civil action in the general sessions courts is commenced by a civil warrant being filed with the clerk.").

As the Court noted above, defendant filed suit in Knox County General Sessions Court on September 3, 2019, within one year of the traffic stop at issue [Docs. 1-1, ¶ 44; 7-3]. Plaintiff's initial Civil Warrant was served on or around September 16, 2019, and was signed for by Ms. Messer, an employee of the City of Knoxville's Law Department [Docs. 7-2, 7-3]. There is a dispute over whether service of process was properly completed as to defendant Taylor, which the Court will address in further detail below.

Plaintiff's First Amended Civil Warrant was returned on or around October 15, 2019, the day before the scheduled October 16, 2019, hearing [Doc. 7-4]. The process server indicated on the warrant that the defendants were "[n]ot to be found in my county. Not enough time to serve before court date. Received on October 14, 2019" [*Id.*]. It is again disputed whether service of process was successfully completed as to defendant Taylor. Plaintiff submitted a proposed order for voluntary nonsuit on December 20, 2019, which was entered by the general sessions court on January 12, 2020 [Doc. 1-1, ¶ 48].

Because this action was filed in general sessions court, the action was "commenced" with the issuance of the warrant, whether it was successfully served or not. Tenn. Code

Ann. § 16-15-710. That same statute provides that if process is returned unserved, plaintiff has two options if she wishes to ensure that the statute of limitations is tolled for any subsequent refiling: either obtain new process and successfully serve defendants or recommence the action within one year after the return of the initial unserved process. *Id*. In this instance, the initial warrant was returned on or around September 16, 2019, and the amended warrant was returned on or around October 15, 2019 [Docs. 7-3, 7-4]. If process was not properly served on defendant Taylor, then in order for the limitations period to have been tolled, plaintiff was required to recommence the action within one year of one of those two return dates: September 16, 2019, or October 15, 2019. In this instance, the action was recommenced on or around November 10, 2020, when plaintiff filed the instant suit in the Knox County Circuit Court [Doc. 1-1]. The November 10, 2020, recommencement is more than one year after both the September and October 2019 warrant return dates; thus, it is irrelevant to which of those dates the Court looks for the beginning of the one-year recommencement deadline. Therefore, if defendant Taylor was not properly served in *Ramirez I*, the limitations period was only tolled for a limited time, and plaintiff's current claims are time-barred. Accordingly, the Court must next determine whether defendant Taylor was properly served.

### D. Service of Process

Service of process of a warrant in a Tennessee general sessions court is governed by statute rather than the Tennessee Rules of Civil Procedure. *See* Tenn. Code Ann. § 16-15-903; Tenn. R. Civ. P. 1 (noting that the Tennessee Rules of Civil Procedure

11

generally don't apply to general sessions courts). The relevant statute provides that service may be made in the following manner:

> [u]pon an individual other than an unmarried infant incompetent person, by delivering a copy of the warrant, writ or other papers to the individual personally, or if the individual evades or attempts to evade service, by leaving copies of the warrant, writ or other papers at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing in the dwelling house or usual place of abode, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. Code Ann. § 16-15-903(1). The law also provides an option for service by mailing, but there is no indication that plaintiff ever sought to make use of that option in *Ramirez I*.

Plaintiff's initial Civil Warrant was served on or around September 16, 2019, and was signed for by Ms. Messer, an employee of the City of Knoxville's Law Department [Docs. 7-2, 7-3]. Ms. Messer's signature was followed by the phrase "for COK" [*Id.*]. Ms. Messer states that this phrase meant that she was signing only on behalf of the City of Knoxville [Doc. 7-2, ¶ 6]. Ms. Messer further avers that she is not authorized to accept service on behalf of defendant Taylor, nor did she indicate to the process server that she was accepting service on defendant Taylor's behalf [*Id.*, ¶ 5]. Similarly, defendant Taylor avers that he was not served with the Civil Warrant, nor did he authorize Ms. Messer (or anyone else at the City of Knoxville Law Department) to accept service on his behalf [Doc. 7-1, ¶¶ 3, 5].

Plaintiff's First Amended Civil Warrant was returned on or around October 15, 2019, the day before the scheduled October 16, 2019, hearing [Doc. 7-4]. The process

12

server stated on the warrant that the defendants were "[n]ot to be found in my county. Not enough time to serve before court date. Received on October 14, 2019" [*Id.*]. Thus, it is clear from the face of the First Amended Civil Warrant that it was not served on defendant Taylor. Defendant Taylor also avers that he was not served with the First Amended Civil Warrant [Doc. 7-1, ¶ 4]. In addition, the Court notes that two motions to dismiss were filed in *Ramirez I*, one after the initial warrant/summons and one after the amended warrant/summons, and that each included a footnote indicating that defendant Taylor had not been properly served [Docs. 7-5, p. 2., n. 1; 7-6, p.1, n.1].

After reviewing the evidence before the Court, it is apparent that defendant was not personally served with either the initial or the amended warrant in *Ramirez I*. The process server instead attempted to serve the initial warrant on defendant Taylor by serving Ms. Messer in the City of Knoxville Law Department, and the amended warrant was not served on anyone. The question thus becomes whether Ms. Messer was authorized to accept service of the initial warrant on defendant's behalf. The evidence before the Court, as detailed above, again makes it clear that Ms. Messer did not believe she was authorized to accept service on defendant Taylor's behalf. Similarly, defendant Taylor indicates that he never authorized Ms. Messer, or anyone else at the Law Department, to accept service for him.

Plaintiff argues, however, that Ms. Messer may have had apparent authority to accept service on defendant Taylor's behalf. In describing apparent authority, the Tennessee Court of Appeals has ruled that "[a]pparent authority arises where '(1) the

13

principal actually or negligently acquiesced in another party's exercise of authority; (2) the third person had knowledge of the facts and a good faith belief that the apparent agent possessed such authority; and (3) the third person relied on this apparent authority to his or her detriment.'" *Meersman v. Regions Morgan Keegan Tr.*, No. M2017-02043-COA-R3-CV, 2018 Tenn. App. LEXIS 594, at *27 (Ct. App. Oct. 9, 2018) (quoting *Boren ex rel. Boren v. Weeks*, 251 S.W.3d 426, 432 - 33 (Tenn. 2008)).[6] "Apparent authority is established through the acts of the principal rather than those of the agent or through the perception of a third party." *Boran*, 251 S.W.3d at 433. The Tennessee Court of Appeals has also held that "[r]egarding agents 'authorized by appointment' to accept service, the federal courts have similarly held that 'claims by an agent of having authority to receive process or the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction; there must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of [Federal Rule of Civil Procedure] Rule 4(e)(2).'" *Watson v. Garza*, 316 S.W.3d 589, 596 - 97 (Tenn. Ct. App. 2008) (internal citations omitted). While the Federal Rules of Civil Procedure regarding service of process would not be relevant in this case, a similar analysis would apply using the relevant state rules governing service of process (in this case, the statute governing service of process in general sessions court).

---

[6] The *Meersman* court noted that "it is unclear if apparent authority suffices for authority to accept service of process under Tennessee law. Regardless, the facts here do not support a finding of apparent authority." *Meersman*, 2018 Tenn. App. LEXIS 594, at *27. As with *Meersman*, the Court ultimately finds that the facts here do not support a finding of apparent authority.

14

In this instance, there is no evidence whatsoever that defendant Taylor ever conferred authority to accept service of process upon Ms. Messer. Nor is there any indication that Ms. Messer mislead the process server to believe she was accepting service on defendant Taylor's behalf. Her signature on the warrant/summons clearly indicates it was "for COK," which placed both the process server and plaintiff on notice that she was only accepting service for the City of Knoxville. Thus, the Court finds that Ms. Messer did not have apparent authority to accept service on defendant's behalf.

Accordingly, based on the record before it, the Court finds that defendant Taylor was not properly served in *Ramirez I*. In the absence of such service, plaintiff was required to recommence her suit within one year of the date when the unserved process was returned, and, as the Court discussed above, that deadline expired before the November 10, 2020, filing in Knox County Circuit Court. Therefore, the Court finds as a matter of law that the plaintiff's recommencement of this suit was untimely, and the case is barred by the relevant statutes of limitations. Defendant's motion for summary judgment will be **GRANTED**.

### IV. Conclusion

For the reasons set forth above, plaintiff's motion for summary judgment [Doc. 7] is hereby **GRANTED** and all claims against defendant Taylor are hereby **DISMISSED with prejudice**. A separate order will follow.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
